**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

US BANK TRUST NATIONAL ASSOCIATION,
AS      TRUSTEE      OF      LSF9      MASTER
PARTICIPATION TRUST,

      Plaintiff,

Case No.: 25-61905-CIV-HUNT

v.

DARRYL F. ALLEN,

      Defendant.

_____/

## MOTION FOR REMAND

      Plaintiff, US BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF LSF9 MASTER

PARTICIPATION TRUST, ("Plaintiff"), by and through undersigned counsel and pursuant to 28

U.S.C. §1447(c) hereby moves this Court to remand this action back to the Circuit Court of the

Seventeenth Judicial Circuit in and for Broward County, Florida, and in support thereof states:

## RELIEF REQUESTED

      1.      Plaintiff respectfully requests this Court to remand this action back to the Circuit

Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.  The Notice of

Removal is improper because the Notice of Removal does not invoke this Court's jurisdiction.

## FACTUAL BACKGROUND

      2.      On July 29, 2019, Plaintiff filed a one count action to foreclose a mortgage on real

property located in Broward County, Florida.  The Amended Complaint adding three defendants

was deemed filed as of June 11, 2021. The three (3) defendants added were the Unknown Spouse

of Darryl Allen; Portfolio Recovery Associates, LLC; and Wholesale Merchant Processing, Inc.

3.      On January 24, 2022, Defendant filed his Answer and Affirmative Defenses to the Amended Complaint.

4.      On or about November 21, 2023, Defendant was later granted leave to and in fact did file an Amended Answer and Affirmative Defenses.

5.      On June 16, 2025, Plaintiff filed its Amended Motion for Summary Judgment.  As of that date, Defendant had not submitted a completed loss mitigation package for review.

6.      Subsequent to the filing of Plaintiff's Amended Motion for Summary Judgment, Defendant did submit a complete loss mitigation package which was reviewed and denied on September 16, 2025.  The thirty (30) day appeal period for that denial has expired.

7.      On September 23, Defendant filed his Notice of Removal which is the subject of this Motion for Remand.

8.      The hearing on Plaintiff's Amended Motion for Summary Judgment was scheduled for September 24, 2025.  Plaintiff appeared at the hearing to advise the Court that the hearing could not proceed as a result of the Defendant's filing of the Notice of Removal. The state court judge agreed and the hearing on Plaintiff's Amended Motion for Summary Judgment did not occur.

## <u>MEMORANDUM OF LAW</u>

### <u>*The Defendant's' Notice of Removal does not Establish Federal Jurisdiction*</u>

9.      The Defendant's Notice of Removal fails to establish how this Court possesses jurisdiction.   "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (*citing Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)).

10.     "The existence of federal jurisdiction is tested at the time of removal." *Adventure*, 552 F.3d at 1294-95 (*citing Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir. 1998)). "Jurisdiction is determined by looking to the face of the plaintiff['s] well-pleaded complaint, so we examine the plaintiff['s] original complaint[] entered at the time of removal." *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011). "Thus, to meet [his] burden, the defendant[] must show that the plaintiff['s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Adventure*, 552 F.3d at 1295.

11.     Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he vast majority of cases that fall within such federal-question jurisdiction are cases that arise under federal law that creates a cause of action[.]" *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.' " *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 190 L. Ed. 2d 495 (2014) (quoting 28 U.S.C. § 1446(a)).

12.     28 U.S.C. § 1441(b)(2) provides as follows:

**Removal Based on Diversity of Citizenship.—**
A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

13.     28 U.S.C. § 1446(b)(1) provides as follows:

**REQUIREMENTS; GENERALLY.—**
**(1)**The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

14.     28 U.S.C. § 1446(b)(2) provides as follows:

(A)     When a civil action is removed solely under section 1441(a), all defendants
who have been properly joined and served must join in or consent to the removal
of the action.

15.     28 U.S.C. § 1446(c)(1) entitled "Requirements; Removal Based on Diversity of

Citizenship-"provides as follows:

(1)     A case may not be removed under subsection (b)(3) on the basis of
jurisdiction conferred by section 1332 more than 1 year after commencement of the
action, unless the district court finds that the plaintiff has acted in bad faith in order
to prevent a defendant from removing the action.

16.     Here, the Defendant attempts to invoke the Court's diversity of citizenship

jurisdiction in his Notice of Removal.  However, Defendant fails to meet his burden to show that

the Plaintiff's Amended Complaint, as it existed at the time of removal, provides an adequate basis

for the exercise of federal jurisdiction." *Adventure*, 552 F.3d at 1295.

17.     First, this case is not removable based on 28 U.S.C. § 1441(b)(2) in that Defendant

has admitted that he is a citizen of the State of Florida which is the state where the Plaintiff's

foreclosure action is brought.

18.     Next, Defendant's Notice of Removal is untimely in that it should have been filed

within thirty (30) days after receipt by the Defendant through service of process which occurred

on October 7, 2019.

19.     Next, because a case may not be removed on the basis for diversity of citizenship

more than one (1) year after the commencement of the action, the time to remove this case expired

after July 29, 2020.  Further, Defendant's Notice of Removal contains no allegations that Plaintiff

acted in bad faith in order to prevent a defendant from removing the action.

20.     Moreover, although Defendant claims in his Notice of Removal that Plaintiff

violated 12CFR 1024.41(g)) by moving for foreclosure judgment prior to making a decision on

his completed loss mitigation and providing an opportunity to appeal, he is not asking for affirmative relief (i.e. damages) under that federal regulation.  Instead, he is simply asking for this Court to consider Plaintiff's Amended Motion for Summary Judgment dated June 16, 2025. Thus, Defendant has not properly asserted federal question as a basis for removal either.

21.     Finally, Defendant has failed to properly plead essential facts supporting his claim that Plaintiff actually violated 12CFR 1024.41(g).  Defendant's Notice of Removal is silent as to when Defendant submitted the completed loss mitigation package for review.  If it was submitted after June 16, 2025, the mere filing of the Amended Motion for Summary Judgment clearly does not violate 12CFR 1024.41(g).  If Defendant submitted a completed loss mitigation package before June 16, 2025, there is still no violation of 12CFR 1024.41 because Plaintiff did not proceed with the summary judgment hearing on September 24, 2025 recognizing that, despite the denial decision, the thirty (30) day appeal period still need to elapse.

22.     Because the Defendant's Notice of Removal fails to show the Court has subject-matter jurisdiction over the removed foreclosure action, this case must be remanded.

## **CONCLUSION**

23.     Based on the foregoing, Plaintiff respectfully requests that this Court find no basis for federal jurisdiction and remand the Foreclosure Action to state court.

**WHEREFORE**, Plaintiff, US BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF LSF9 MASTER PARTICIPATION TRUST, respectfully requests this Court to remand this case back to the State Court, together with awarding Plaintiff any such further relief this Court deems proper and just.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on October 23, 2025 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF which will send electronic notice to all counsel for record. I further certify that a copy of the foregoing was mailed to Darryl F. Allen, 1491 NW 33rd Way, Lauderhill, FL 33311.

By: _____
Greg H. Rosenthal
Florida Bar No.:  955884
Roy Diaz, Attorney of Record
Florida Bar No. 767700
Diaz Anselmo & Associates, P.A.
Attorneys for Plaintiff
499 NW 70th Ave., Suite 309
Fort Lauderdale, FL 33317
Telephone: (954) 564-0071
Primary Email: gronsenthal@shdlegalgroup.com
Secondary Email: dlopez@shdlegalgroup.com